UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Helen Gerald, | ) | C/A No. 4:15-cv-01149-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Kenneth Davis, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.     Factual Background

Helen Gerald ("Plaintiff") brings this action against the former city administrator of Mullins, South Carolina, Kenneth Davis ("Defendant"), alleging he is "harassing" her and that he has threatened to get her "if it's the last thing that He does[.]" Compl. 3-4, ECF No. 1. Plaintiff alleges the harassment began during Defendant's term as city administrator when Plaintiff filed a Freedom of Information Act request to obtain information from the city that would allegedly show misconduct in office. *Id*. at 3. Plaintiff alleges that the harassment has continued even though Defendant moved out of the state because Defendant claims that the Mullins law enforcement "is still his." *Id*. at 4. In the portion of the Complaint labeled "relief requested," Plaintiff states: "I want my case to be heard by a jury because all my civil rights was [sic] violated. I want justice because me and my family has [sic] suffered a lot of stress with these harrassments [sic]." *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under

this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

    III.    Discussion

Plaintiff has not requested any relief nor has she suggested to this court any remedy for the alleged violations of her "civil rights." Her request for "justice" is too vague to be considered a request for any specific form of relief available in civil-rights cases brought pursuant to 42 U.S.C. § 1983 or any other federal law.[1] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658. 690 (1978) ("monetary, declaratory, or injunctive relief . . ." available under § 1983). Were this court to find Plaintiff's rights were violated but order no remedy, it effectively would be rendering an advisory opinion. However, Article III of the United States Constitution bars this court's rendering of advisory opinions. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Bowler v. Young*, 55 F. App'x 187, 188 (4th Cir. 2003) (same). In *Public Service Co. v. EPA*, 225 F.3d 1144 (10th Cir. 2000), the Tenth Circuit Court of Appeals addressed a plaintiff's failure to request specific relief and found as follows:

> [t]his court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n.4 (citing *United States v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999)). It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for pro se litigants. *Beaudett*, 775 F.2d at 1278;

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

*Gordon*, 574 F.2d at 1151. The court cannot "read Plaintiff's mind" to determine what specific type of relief she seeks from Defendant based on her request for "justice." In absence of any plausible request for relief from Plaintiff, the Complaint filed in this case fails to state a claim on which relief may be granted.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

April 8, 2015                                                              Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).